```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON
```

**VICTOR LEWIS NUTTER**,

    **Plaintiff,**

v.                                    Case No. 2:08-cv-00819

**ROBERT A. WATERS, Fourth Circuit Judge,
ROBERT HOLLAND, Third Circuit Judge,
ELLIOTT E. MAYNARD, Ex [sic]-West Virginia
Supreme Court Judge, and
THEODORE DAVITAIN, Ex-Wirt County
Prosecutor,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On June 9, 2008, Plaintiff, who is incarcerated at the Northern Correctional Facility, in Moundsville, West Virginia, filed a Complaint under 42 U.S.C. § 1983, in which he alleges as follows:

> This Petitioner, Victor Nutter, was illegally convicted by the named defendants actions in court case 99-F-2/99-F-17.  Judge Robert A. Waters denied due process of law and violated this petitioner's const. rights.  Judge Robert Holland allowed Judge Robert A. Waters to usurp his judicial authority from the 4th

>circuit into the 3rd circuit, without the proper process of law.  Judge Elliott E. Maynard abused his authority as a Supreme Court Justice by granting a "Special Appointment" by administrative order to Judge Robert A. Waters, 4th circuit, to follow a change of venue case to Doddridge Co. W.Va. 3rd circuit.  Pos. Atty Theodore Davitain knowingly used false and misleading information before the Wirt Co. grand jury seeking indictments in 99-F-2 and 99-F-17, to incite and prejudice this petitioner before the grand jury.

(Complaint, docket # 2 at 4-5.)  Petitioner's Complaint seeks one million dollars from each defendant, one million dollars per year for wrongful incarceration, and all lost back wages.  Id., at 5.

This civil action arises out of the prosecution of Plaintiff on charges arising in Wirt County, West Virginia.  The undersigned is familiar with the case because Plaintiff filed a petition for a writ of habeas corpus in Nutter v. Seifert, No. 6:07-cv-00140 (S.D. W. Va. 2007).  After a thorough analysis of Plaintiff's habeas corpus claims, Respondent's motion for summary judgment was granted and the petition for a writ of habeas corpus was dismissed.  (Id., Judgment Order, docket # 28.)

Turning to the instant case, pursuant to the provisions of 28 U.S.C. § 1915, the court must screen each case in which a prisoner seeks to proceed *in forma pauperis*.  Pursuant to § 1915(e), the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.  A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  Denton v. Hernandez, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis

either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp v. Twombly, 127 S. Ct. 1955, 1968-69 (2007). While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Id. at 1964-65. Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

The undersigned has concluded that this action is legally frivolous because it seeks money damages for a conviction which has been found to be valid, and because it seeks money damages from persons who are immune from liability.

The Supreme Court ruled, in Heck v. Humphrey, 512 U.S. 477, 487 (1994), that in order to recover money damages for an allegedly unconstitutional prosecution, the plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Plaintiff has failed

3

to prove that his conviction was unconstitutional. In fact, this court has found his conviction to be consistent with the Constitution of the United States. Accordingly, this case cannot go forward.

Plaintiff seeks money damages from two State Circuit Court Judges and one Justice of the Supreme Court of Appeals of West Virginia. Under the doctrine of judicial immunity, these defendants must be dismissed because the claims against them are based only upon their actions taken as part of the judicial duties. Mireles v. Waco, 502 U.S. 9 (1991)("generally, a judge is immune from a suit for money damages"). The primary exception to this rule is for non-judicial actions. It is clear that Plaintiff is attempting to make a claim against the judges for their judicial actions, for which they are immune.

It is similarly true that prosecutor Davitain is immune from liability. In Buckley v. Fitzsimmons, 509 U.S. 259 (1993), the Supreme Court reviewed its rulings in cases addressing absolute and qualified immunity of public officials.

> In *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed.2d 128 (1976), we held that a state prosecutor had absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial. * * * We concluded that the common-law rule of immunity for prosecutors was "well settled" and that "the same considerations of public policy that underlie the common-law rule likewise countenance absolute immunity under § 1983." *Id*. at 424, 96 S. Ct., at 992. Those considerations supported a rule of absolute immunity for conduct of prosecutors that was "intimately associated with the judicial phase of the

> criminal process." *Id.*, at 430, 96 S. Ct., at 995. * * *
>
> We applied the *Imbler* analysis two Terms ago in *Burns v. Reed*, 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed.2d 547 (1991). There the § 1983 suit challenged two acts by a prosecutor: (1) giving legal advice to the police on the propriety of hypnotizing a suspect and on whether probable cause existed to arrest that suspect, and (2) participating in a probable-cause hearing. We held that only the latter was entitled to absolute immunity. Immunity for that action under § 1983 accorded with the common-law absolute immunity of prosecutors and other attorneys for eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings. *Id.,* at 489, 111 S. Ct. at 1941-42; *id.*, at 501, 111 S. Ct. at 1947.

509 U.S. at 269-70. "[T]he *Imbler* approach focuses on the conduct for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." Id., at 271-72. Again it is clear that Plaintiff is attempting to make a claim against his prosecutor for his presentation of a case against Plaintiff. The prosecutor is immune.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's case must be dismissed pursuant to Heck v. Humphrey, and that all defendants are absolutely immune from suit on Plaintiff's claim for damages.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Application to Proceed without prepayment of costs and fees (# 1) and **DISMISS** this civil action for lack of

jurisdiction.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Chief Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

    June 23, 2008                    *Mary E. Stanley*
        Date                         Mary E. Stanley
                                     United States Magistrate Judge