IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

VICTOR LEWIS NUTTER,

                Plaintiff,

v.                                                  CIVIL ACTION NO. 6:08-cv-00819

ROBERT A. WATERS, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the court deny the plaintiffs Application to Proceed In Forma Pauperis [Docket 1] and dismiss this action under 28 U.S.C. § 1915(e)(2). The plaintiff objects to the Magistrate Judge's recommendations.

**I. Background**

In his complaint, the plaintiff alleges that he was illegally convicted by the defendants. (Compl. ¶ IV.) Specifically, the plaintiff alleges:

> Judge Robert A. Waters denied due rocess of law and violated this petitioners const. rights. Judge Robert Holland allowed Judge Robert A. Waters to usurp his judicial authority from the 4th Circuit into the 3rd Circuit, without the proper process of law. Judge Elliott E. Maynard abused his authority as a Supreme Court justice by granting a "Special Appointment" by administrative order to Judge Robert A Waters, 4th Circuit, to follow a change of venue case to Dodridge Co. W. Va. 3rd Circuit. Prosecuting Attorney Theodore Davitain knowingly used false and misleading information before the Wirt County grand jury seeking indictments in 99-F-2 and 99-F-12, to incite and prejudice this petitioner before the grand jury.

(*Id.*) The plaintiff seeks damages of one million dollars per year of incarceration from each of the defendants, as well as lost wages. (*Id.* ¶ V.)

**II. Analysis**

Under 28 U.S.C. § 1915(e)(2), "a court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e(2)(B). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id.* at 486-87. If a plaintiff's purportedly unconstitutional conviction has not been so invalidated, a plaintiff's claim for money damages based on that conviction must be dismissed. *Id.* at 487.

Here, the plaintiff alleges that he was illegally convicted by the defendant judges and prosecutor. (Pl.'s Obj. 2 [Docket 9].) Were the court to render judgment in favor of the plaintiff on his present claims, the court would be implying that his conviction was unconstitutional. Thus, in order for the plaintiff to have a claim on which relief may be granted, the plaintiff must demonstrate that his conviction has been invalidated. *Heck,* 512 U.S. at 487. ("Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence if it would, the complaint must

be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.")

The plaintiff has not shown, in his complaint or his objections, that his conviction has ever been invalidated or called into question. In fact, this court previously adopted a lengthy opinion by the Magistrate Judge that affirmed the legality of the plaintiff's conviction and recommended denying his habeas corpus petition. *See* Order [Docket 27] and Proposed Findings and Recommendation [Docket 21] in *Nutter v. Seifert*, Case No. 6:07-cv-140. Accordingly, the court **FINDS** that the plaintiff has not demonstrated that his conviction has been invalidated and that his claim for damages does not state a claim on which relief can be granted under *Heck v. Humphrey*. As a consequence, the plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, the plaintiff's complaint seeks damages from judges based on conduct arising from their judicial duties and seeks damages from a prosecutor for actions he engaged in while presenting his case to the grand jury. Judges and prosecutors, however, are immune from liability for damages, so long as the judge is performing judicial acts and the prosecutor is performing acts "intimately associated with the judicial phase of the criminal process." *Ostrzenski v. Seigel*, 177 F.3d 245, 249 (4th Cir. 1999). It is clear in this case that the plaintiff "seeks monetary relief against a defendant who is immune from such relief," and thus the court **FINDS** that the plaintiff's complaint must also be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

### III. Conclusion

The court **ADOPTS** the Magistrate Judge's proposed findings and recommendation, **DENIES** the plaintiff's Application to Proceed In Forma Pauperis, and **DISMISSES** this civil action under 28 U.S.C. § 1915(e).

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    July 15, 2008

*[Signature]*
Joseph R. Goodwin, Chief Judge